IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LILLIE JEAN HOOPER, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:17-cv-2038 |
| | § | |
| ALLSTATE TEXAS LLOYD'S. | § | |
| KATHERINE MARJORIE HERNANDEZ, | § | |
| AND JOE EDD BOBBITT, JR., | § | |
| | § | |
| *Defendants*. | | |

## DEFENDANTS ALLSTATE TEXAS LLOYD'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1441 and 1446, Defendant, ALLSTATE TEXAS LLOYD'S, file this Notice of Removal to the United States District Court for the Southern District of Texas, Houston Division, on the basis of diversity of citizenship and amount in controversy, and respectfully shows the following:

## I.
## FACTUAL BACKGROUND

1. On or about May 23, 2017, Plaintiff filed her Original Petition in a case styled *Lillie Jean Hooper v. Allstate Texas Lloyd's, Katherine Marjorie Hernandez, and Joe Edd Bobbitt, Jr.*, Cause No. 2017-34741, pending in the 151st Judicial District Court for Harris County, Texas.

2. CT Corporation received service of the Original Petition on June 2, 2017 for Allstate Texas Lloyd's ("Allstate" or "Defendant"). In response, Defendant filed an Original Answer to Plaintiff's Original Petition on June 26, 2017.

3. Based upon information and belief, Plaintiff has not perfected service upon Co-Defendants, Katherine Marjorie Hernandez, and Joe Edd Bobbitt.

4. Defendant files this notice of removal within 30 days of receiving service of Plaintiff's pleading. *See* 28 U.S.C. §1446(b). This Notice of Removal is being filed within one year of the commencement of this action. *see id.*

5. Attached hereto are copies of the following documents:

- **Exhibit 1:**   The state court's Docket Sheet;
- **Exhibit 2:**   Plaintiff's Original Petition;
- **Exhibit 3:**   Civil Case Info Sheet;
- **Exhibit 4:**   Civil Process Request Form
- **Exhibit 5:**   Citation Allstate;
- **Exhibit 6:**   Citation Bobbitt;
- **Exhibit 7:**   Citation Hernandez;
- **Exhibit 8:**   CMRRR Receipt Allstate;
- **Exhibit 9:**   CMRRR Receipt Bobbitt;
- **Exhibit 10:**  CMRRR Receipt Hernandez;
- **Exhibit 11:**  CMRRR Signed Allstate;
- **Exhibit 12:**  Answer – Allstate;
- **Exhibit 13:**  List of Parties and Counsel

## II.

## BASIS FOR REMOVAL

6. Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

**A.     Plaintiff and Allstate Texas Lloyd's are Diverse**

7.     Upon information and belief, Plaintiff, Lillie Jean Hooper, was (at the time the lawsuit was filed) and is a resident of the State of Texas.  *See* Plaintiff's Original Petition, ¶ 2.

8.     Defendant Allstate Texas Lloyd's was, and at the date of this Notice, remains an association of underwriters whose individual underwriters are all residents and citizens of the State of Illinois and New Jersey.

9.     Defendant, Katherine Marjorie Hernandez, is a resident of Houston, Texas and has not yet been served or appeared.

10.    Defendant, Joe Edd Bobbitt, Jr. is a resident of Bishop, Texas and has not yet been served or appeared.

**B.     Katherine Marjorie Hernandez and Joe Edd Bobbitt, Jr.  were improperly joined in this lawsuit**

11.    With respect to the claims against adjusters Katherine Marjorie Hernandez ("Hernandez") and Joe Edd Bobbitt, Jr. ("Bobbitt"), it is Allstate's position that they are improperly joined in this action and is therefore not proper parties to this lawsuit.  Therefore, the Texas citizenship of Hernandez and Bobbitt should be disregarded for the purposes of evaluating diversity in this matter.  The doctrine of improper joinder ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity.  See *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).  The removing party bears the burden of demonstrating improper joinder.  See id. (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir.1999)).

12.    The Fifth Circuit explained that a removing party can establish improper joinder by demonstrating either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state

court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (en banc).  Under the second method, the test for improper joinder is whether the defendant has demonstrated that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*. at 573.  The Fifth Circuit's en banc decision in Smallwood unequivocally adopted this phrasing as the test for fraudulent joinder. *Id*. ("To reduce possible confusion, we adopt this phrasing of the required proof and reject all others, whether the other appear to describe the same standard or not").

13. A court may resolve the issue of whether a plaintiff has a reasonable basis of recovery in one of two ways.  Id.  "The court may [either] conduct a Rule 12(b)(6)-type analysis . . . [or], in its discretion, pierce the pleadings and conduct a summary inquiry." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd*., 2016 WL 1274030, at *8 (5th Cir. Mar. 31, 2016) (quoting Smallwood, 385 F.3d at 573).  "Certainly a court may choose to use either one of these two analyses, but it must use one and only one of them, not neither or both."  Id. at *7.

14. If a court chooses to apply the 12(b)(6) analysis, then it will initially look "at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573.  However, in *Int'l Energy Ventures Mgmt., L.L.C.*, the Fifth Circuit recently opined that this particular language of Smallwood "must not be read to imply that a state pleading standard applies." *Int'l Energy Ventures Mgmt.*, L.L.C., at *7.  The court further stated that "the Smallwood opinion unequivocally announced its own test for improper joinder under the second 'way' immediately thereafter," which did not include the in state court language.[1]  Id.  Thus, if a federal court chooses to conduct a Rule 12(b)(6)-type analysis to determine whether there is no reasonable basis to predict that a plaintiff might be able to recover against a non-diverse defendant, then the court must "apply the federal

pleading standard embodied in that analysis." *Id*. at *8. Because "the Rule 12(b)(6) analysis necessarily incorporates the federal pleading standard articulated in *Bell Atlantic Corp. v. Twombly*: 'To pass muster under Rule 12(b)(6), [a] complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.''" Id. at *3 (quoting *Reece v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422, 424 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twobly*, 550 U.S. 544, 547 (U.S. 2007).

15. Additionally, "merely pleading a valid state law claim . . . against the resident defendant does not mean that the joinder of the resident defendant is not fraudulent . . . ." *Hornbuckle v. State Farm Lloyd's*, 385 F.3d 538, 542 (5th Cir. 2004). In the context of joinder of non-diverse insurance adjusters, Courts in the Fifth Circuit require plaintiffs "to allege specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer." *Okenkpu v. Allstate Texas Lloyd's*, Civ. A. H-11-2376, 2012 WL 1038678 at *7 (S.D. Tex. Mar. 27, 2012) (citing *Centro Cristiano Cosecha Final, Inc. v. The Ohio Casualty Ins. Co*., Civ. A. No. H–10–1846, 2011 WL 240335, *14 (S.D.Tex. Jan.20, 2011).

16. Here, however, Plaintiff fails to offer any specific actionable facts to support its claims against Hernandez and Bobbitt that are distinct from Plaintiff's claims against Allstate. In fact, the Original Petition alleges absolutely no facts against Hernandez and Bobbitt that are separate from the facts alleged against Allstate. Instead, the allegations are verbatim. Therefore, Plaintiff fails to state a viable state law claim against Hernandez and Bobbitt, individually. See *Okenkpu*, 2012 WL 1038678 at *7; *Keen v. Wausau Business Ins. Co*., 875 F.Supp.2d 682 (S.D.Tex. 2012) (Harmon, J.) ("[W]hen an adjuster's actions 'can be accomplished by [the insurer] through an agent' and when the claims against the adjuster are identical to those against

the insurer, the adjuster's actions 'are indistinguishable from [the insurer's] actions' and hence are insufficient to support a claim against the adjuster.") (citing *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, 2011 WL 240335, *14 (S.D. Tex. 2011)).

17. Plaintiff's complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547. Yet the Court need not credit naked conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 570. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). And, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")). "When the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," then the claim has facial plausibility. *Iqbal,* 556 U.S. at 663.

18. Plaintiff does not offer any factual support for her claims against Hernandez and Bobbitt (the adjusters) for which Allstate may be held liable. Plaintiff fails to make the required "factual fit between [its] allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

19. The "facts" asserted against Hernandez, Bobbitt and Plaintiff's pleaded causes of action are incongruent. Indeed, Plaintiff's failure to mention any actionable facts against Hernandez and Bobbitt—facts that support a reasonable inference that Hernandez and Bobbitt could be held individually liable under Plaintiff's pleaded causes of action under the Texas Insurance Code chapters 542 and 541, and the Texas Deceptive Trade Practices Act —

constitutes a failure to state a claim and improper joinder of that party. See, e.g., *Lakewood Chiropractic Clinic*, 2009 WL 3602043, at *3 (holding that "near verbatim recitations of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the adjuster] individually" does not provide a reasonable basis of recovery); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co*., 4:09-cv-165-A, 2009 WL 1437837, at *3–4 (N.D. Tex. May 22, 2009) (finding allegations that listed Insurance Code provisions and asserted that "Defendants" violated such provisions "are really legal conclusions couched as factual allegations"); *Broadway v. Brewer*, 2009 WL 1445449, at *2 (E.D. Tex. May 21, 2009) (holding that a petition listing statutory provisions of the Insurance Code that were violated by Defendants "does not, on its face, allege facts supporting an independent cause of action against [the insurance agent]"); *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co.*, No. 1:07-CV-988, 2008 WL 4533729, at *6 (E.D. Tex. Sept. 29, 2008) (holding that the plaintiffs' Petition "failed to state specific factual averments identifying how [the adjuster] violated the law in a manner giving rise to the asserted claims"); Griggs, 181 F.3d at 701–02 (upholding denial of motion to remand where there were no factual allegations in plaintiff's petition to support claim against agent).

20. Plaintiff's allegations against Hernandez and Bobbitt for violations of the Texas Insurance Code also fail to demonstrate a reasonable basis to recover against him because Plaintiff fails to allege that Hernandez and Bobbitt's alleged misrepresentations are related **to coverage** or the details of the Plaintiff's insurance policy with Allstate. As explained in *One Way Investments, Inc. v. Century Surety Company, et al*., 2014 WL 6991277(N.D. Tex. Dec. 11, 2014), the type of factual allegations asserted against Gutierrez, all of which relate to his inspection and determination regarding the extent of damage, are not actionable under the Texas

Insurance Code because they do not relate to misrepresentations about coverage provided by the terms of the policy. Further, Plaintiff alleges several causes of action against Hernandez and Bobbitt that it cannot recover.[1]

21.     Based upon the foregoing, it is clear that Hernandez and Bobbitt were improperly joined in the lawsuit in an effort to defeat diversity jurisdiction.

22.     Further, without asserting facts as to how Hernandez and Bobbitt, individually and not as an adjuster assigned by Allstate, committed an actionable violation of the Texas Insurance Code, Plaintiff's claims cannot survive dismissal. *Twombly*, 550 U.S. at 555. Generic allegations will not support an arguable basis of individual liability against the individual Non-Insurer Defendants. *Caballero v. State Farm Lloyds*, 2003 WL 23109217 (S.D.Tex. 2003) (Hudspeth, J.) (not designated for publication). Texas law is clear that to be liable for alleged violations of the Texas Insurance Code, the adjuster, individually, must have committed the violation that caused the harm. *Frisby v. Lumberman's Mut. Cas. Co.*, 500 F.Supp.2d 697 (S.D.Tex. 2007). Here, the alleged harm is Allstate's failure to pay for covered damages.

23.     Importantly, to state a valid state law cause of action, Plaintiff's Original Petition must demonstrate a factual fit between the allegations and the pleaded theory of recovery. *First Baptist Church of Mauriceville, Texas v. Guideone Mut. Ins. Co.*, 2008 WL 4533729 *4

---

[1] Texas federal courts that have addressed § 541.060 unfair settlement practices allegations against an adjuster have found that the section only applies to insurers, and that it does not apply to adjusters. *Lopez v. United Prop. & Cas. Ins. Co.*, 197 F. Supp. 3d 944, 950 (S.D. Tex. 2016); *Ministerio Int'l Lirios Del Valle v. State Farm Lloyds*, 3:16-CV-1212-D, 2016 WL 5791550, at *3 (N.D. Tex. Oct. 4, 2016)(J. Fitzwater); *see*, *Meritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co.*, 3:15–CV–3741–D, 2016 WL 931217, at *4 (N.D.Tex. Mar. 11, 2016) ("Massey and Cagle are both adjusters, and "[a]n adjuster 'cannot be held liable under this section because, as an adjuster, he does not have settlement authority on behalf of the insurer.'"); *see, e.g., Doss v. Warranty Underwriters Ins. Co.*, 04–11–00776–CV, 2012 WL 5874316, at *2 (Tex.App.–San Antonio Nov. 21, 2012, no pet.) (noting that provisions such as § 541.060(a)(2)(A) apply "only to the insurer-insured relationship"). Chapter 542 only applies to insurers. *See Richardson E. Baptist Church v. Philadelphia Indem.* Ins. Co., 05–14–01491–CV, 2016 WL 1242480, at *10 (Tex.App.–Dallas Mar. 30, 2016, no. pet. h.); *see, e.g., Mainali Corp. v. Covington Specialty Ins. Co.*, 3:15–CV–1087–D, 2015 WL 5098047, at *6 (N.D.Tex. Aug. 31, 2015) ("Chapter 542 only applies to specifically listed 'insurers,' and Summers, an adjuster, is not an insurer."). Texas law does not recognize a cause of action for negligent claims handling. *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997).

(E.D.Tex. 2008 (not designated for publication) (Hines, J.) see Griggs, 181 F.3d at 700).  In the instant case, no such fit exists.  It is not the law in Texas that any time an adjuster writes an estimate below a policy's deductible or for less than full limits of the policy that a reasonable possibility of recovery against him/her individually exists because he theoretically could have possibly violated the Insurance Code.  *McGinty v. Hennen*, 372 S.W.3d 625, 658 (Tex. 2012) (overturning a jury verdict finding that an expert's repair estimate using Xactimate was not legally sufficient evidence of damages).  This, however, is precisely the pleaded claims against Hernandez and Bobbitt in Plaintiff's Original Petition.  As pleaded, these claims against Hernandez and Bobbitt are not actionable, but are asserted only in an attempt to defeat diversity jurisdiction.

24. The claim at issue, no matter how Plaintiff couches it in the lawsuit, is whether Allstate owes Plaintiff any additional payment under the policy for the claimed loss.  Plaintiff's claim is for economic losses against Allstate, which are contractual claims.  Further, a bona fide dispute as to coverage or the amount of the claim exists that may preclude Plaintiff's actions for alleged bad faith and Insurance Code violations.  Therefore, Plaintiff's assertions against Hernandez and Bobbitt, the non-diverse defendant, fail to show any likelihood of recovery against Hernandez and Bobbitt, individually.  As such, this Court should disregard the citizenship of Hernandez and Bobbitt, the non-diverse defendant.  And the Court should find removal of this case is proper.

    **C.**    <u>**The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction**</u>

25. In her Petition, Plaintiff alleges that the actual damage to her property is "currently estimated at $26,459.86".  However, Plaintiff's Petition demands that <u>three (3) times the amount of the alleged actual damages</u>.  *See* Plaintiff's Original Petition, ¶¶ 102-104.  Plaintiff

also demands penalty interest, exemplary damages and other payment from Defendants. *See* Plaintiff's Original Petition, ¶¶ 105-109. Plaintiff seeks damages of "no less than $100,000, but not more than $200,000". Therefore, the amount in controversy exceeds the jurisdictional requirements for removal.

## III.
## THE REMOVAL IS PROCEDURALLY CORRECT

26. Allstate Texas Lloyds received this lawsuit on June 2, 2017, when service was perfected upon it through CT Corporation via certified mail. Thus, Defendant is filing this Notice within the 30-day period required by 28 U.S.C. § 1446(b).

27. Venue is proper in this District and Division under 28 U.S.C. §1446(a) because i) this District and Division include the county in which the state action has been pending, and ii) a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

28. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

29. Promptly after Defendants file this Notice of Removal, written notice of the filing will be given to Plaintiff pursuant to 28 U.S.C. §1446(d).

30. Promptly after Defendants file this Notice of Removal, a true and correct copy of same will be filed with the Clerk of the Harris County District Court pursuant to 28 U.S.C. §1446(d).

31. Consent of an improperly joined defendant is not necessary for removal. Thus, Co-Defendants Katherine Marjorie Hernandez and Joe Edd Bobbitt, Jr's. consent is not necessary.

## IV.

## CONCLUSION

32. Based upon the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Defendant, ALLSTATE TEXAS LLOYD'S, hereby removes this case to this Court for trial and determination.

          Respectfully submitted,

          */s/ Marilyn S. Cayce*
          Roger D. Higgins
          State Bar No. 09601500
          THOMPSON, COE, COUSINS & IRONS, L.L.P.
          Plaza of the Americas
          700 N. Pearl Street, Twenty-Fifth Floor
          Dallas, Texas 75201-2832
          Telephone:  (214) 871-8200
          Telecopy:  (214) 871-8209
          rhiggins@thompsoncoe.com

          *and*

          Marilyn S. Cayce
          State Bar No. 17705500
          THOMPSON, COE, COUSINS & IRONS, L.L.P.
          One Riverway, Suite 1400
          Houston, Texas 77056
          Telephone: (713) 403-8216
          Telecopy: (713) 403-8299
          mcayce@thompsoncoe.com

          **ATTORNEYS FOR DEFENDANTS -**
          ***ALLSTATE TEXAS LLOYD'S***

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on July 3rd, 2017, a true and correct copy of the foregoing instrument was delivered to all known counsel of record in accordance with the Federal Rules of Civil Procedure, and any applicable Local Rules, as follows:

Chad T. Wilson  
Allen B Landon  
Chad T Wilson Law Firm  
455 East Medical Center Blvd  
Suite 555  
Webster, Texas 77598  
***Counsel for Plaintiff***

                                                  */s/ Marilyn S. Cayce*  
                                                  Marilyn S. Cayce