**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LILLIE JEAN HOOPER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:17-CV-2038** |
| | § | |
| **ALLSTATE TEXAS LLOYD'S,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff Lillie Jean Hooper's Motion to Abstain and Remand. (Doc. No. 7.) Having considered the filings, the responses thereto, and applicable law, the Court **GRANTS** the motion.

### I.     BACKGROUND

The following account is drawn from the allegations in Hooper's original petition. (Doc. No. 1-2.) Hooper holds a homeowner's insurance policy on property at 3619 Saratoga Drive in Houston, Texas. (*Id.* at 3.) That policy covers damage from wind and hailstorms. (*Id.*) A storm on April 19, 2016 evidently caused such damage, for which Hooper submitted a claim to Defendant Allstate Texas Lloyd's. (*Id.*) Hooper asserts that the storm severely damaged her home, and in particular its roof, exposing the interior of the home to water damage. (*Id.*)

On October 14, 2016, adjusters assigned or hired by Allstate, Defendants Katherine Marjorie Hernandez and Joe Edd Bobbitt, Jr., evaluated the damage. (*Id.* at 5.) They conducted a second assessment on December 14. (*Id.*) Hooper alleges that Hernandez and Bobbitt intended to deny her claim or to gauge her claim within the limit of her deductible. (*Id.* at 3–4.) As a result,

Hernandez and Bobbitt reported that no insured items had been damaged, evaluated the total damage at $0, and "fabricate[d]" explanations of the visible damage that attributed it to causes not covered by the policy. (*Id.* at 3–5.) Hooper engaged an independent evaluator, who estimated the damage at $26,459.86. (*Id.* at 4.)

Hooper sued Allstate, Hernandez, and Bobbitt in the 151th Judicial District Court in Harris County, Texas. Her claims against Allstate are for breach of contract, Texas Insurance Code violations, Texas Deceptive Trade Practices (DTPA) violations, fraud, and breach of the duty of good faith and fair dealing. (*Id.* at 7–11.) Against Hernandez and Bobbitt, she brings claims for Texas Insurance Code violations, DTPA violations, fraud, negligence, and gross negligence. (*Id.* at 11–21.)

Defendants removed the case to this Court. (Doc. No. 1.) They argue that this Court has diversity jurisdiction because Hooper is a resident and citizen of Texas while Allstate Texas Lloyd's, an association of underwriters, has residence and citizenship in Illinois and New Jersey. (*Id.* at 3.) There appears to be no dispute that the amount-in-controversy requirement for diversity jurisdiction is met. Likewise, it is undisputed that Hernandez and Bobbitt are citizens of Texas. (*Id.*) Defendants nevertheless maintain that this Court has jurisdiction, arguing that Hernandez and Bobbitt were improperly joined. (*Id.*) The Court's subject-matter jurisdiction thus turns on the question of improper joinder.

## II.    APPLICABLE LAW

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such

action is pending." 28 U.S.C. § 1441(a). Removal is therefore possible in "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Diversity jurisdiction requires each plaintiff to have citizenship diverse from each defendant. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016).

The doctrine of improper joinder stems from the text of 28 U.S.C. § 1441(b)(2): "A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." If the proper joinder of non-diverse defendants defeats diversity jurisdiction, then their improper joinder does not have that result. Thus, "the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). In this inquiry, "[t]he burden of proof is on the removing party." *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).

There are two types of improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003). Under the latter type, "the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. There must be more than a "mere theoretical possibility of recovery under local law." *Id.* at 573 n.9 (quoting *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)).

A court can make the improper-joinder determination in one of two ways. It can conduct a Rule 12(b)(6) analysis, scrutinizing the complaint's allegations to see whether the complaint states a claim on which relief can be granted. "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573. Alternatively, the court can "pierce the pleadings and conduct a summary inquiry." *Id.* As between these two methods, "a court *may* choose to use either one of these two analyses, but it *must* use one and only one of them, not neither or both." *Int'l Energy Ventures*, 818 F.3d at 207.

"[D]ecisions about removal must be made on the basis of federal law, not state law." *Int'l Energy Ventures*, 818 F.3d at 202. Consequently, if the court elects to do a 12(b)(6) analysis, it applies the federal pleading standard, rather than the state pleading standard. *Id.* Therefore, the court's analysis begins with Rule 8(a)(2)'s requirement for pleadings—"a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). The complaint must plead "only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

When doing a Rule 12(b)(6) analysis as part of an improper-joinder inquiry, a district court must also heed the Fifth Circuit's instruction that "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d

278, 281–82 (5th Cir. 2007). "[T]he existence of even a single valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court." *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 412 (5th Cir. 2004). Important interests are at stake in the decision to remand. "It is imperative that a motion to remand be resolved as swiftly as possible so that the plaintiff maintains his right to choose the forum in which to litigate." *Guillory*, 434 F.3d at 310.

### III.    ANALYSIS

The Court elects the 12(b)(6) approach, because no evidentiary record yet exists that could be reached by piercing the pleadings. Cognizant that only one valid cause of action must exist for remand to be required, the Court begins with Hooper's claims under the Texas Insurance Code against Hernandez and Bobbitt. "A person may not engage in this state in a trade practice that is defined in this chapter as or determined under this chapter to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance." Tex. Ins. Code § 541.003. Hooper alleges that, among other violations, Hernandez and Bobbitt engaged in the following unfair practice: "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear." Tex. Ins. Code § 541.060(a)(2)(A). (Doc. No. 7 at 12, 16.)

Defendants respond that Hernandez and Bobbitt cannot be found liable under § 541.060. (Doc. No. 8 at 13.) Defendants cite several federal district court decisions finding that the section's prohibitions apply only to insurers and not to adjusters. (*Id.*) This question of individual liability under § 541.060 has roiled the federal district courts in Texas. *See* Memorandum and Order Granting Remand, *Diep v. First Cmty. Ins. Co.*, No. 4:17-cv-438, at 10–12 (S.D. Tex. May

5, 2017) (Doc. No. 7) (Atlas, J.) (analyzing divergence among the courts); *Mehar Holdings, LLC v. Evanston Ins. Co.*, 2016 WL 5957681, at *4 (W.D. Tex. Oct. 14, 2016) (Ezra, J.) (same).

The weight of authority favors the courts holding that adjusters may be found individually liable under § 541.060. The Texas Insurance Code's prohibition of unfair settlement practices applies to any "person." § 541.003. The Code defines "person" as "an individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster, or life and health insurance counselor." § 541.002. Adjusters are expressly included in this definition.

Construing essentially identical statutory text in an earlier version of the Code,[1] the Texas Supreme Court ruled that an insurance agent could be held individually liable for engaging in unfair insurance practices. *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 487 (Tex. 1998). The court noted that individuals were included in the definition of "person," as long as they were "engaged in the business of insurance." *Id.* at 484–85. Scrutinizing the activities of the insurance agent at issue, the court found that he was so engaged and was thus potentially liable under the Insurance Code. *Id.* at 487.

The Fifth Circuit then applied the Texas Supreme Court's ruling to insurance adjusters. *Gasch*, 491 F.3d at 280. The Fifth Circuit found that "Texas law clearly authorizes Art. 21.21 actions against insurance adjusters in their individual capacities." *Id.* (citing the since-repealed provision recreated in Chapter 541).

On the basis of these decisions, federal courts have repeatedly remanded cases involving Texas Insurance Code claims against adjusters similar to those of the present case. *See Diep*, No.

---

[1] Tex. Ins. Code Art 21.21 §§2, 3, 4, repealed in 2005 and re-codified in substantially similar form in Chapter 541.

4:17-cv-438, at 10–13; *Mehar Holdings*, 2016 WL 5957681, at *4. Those decisions reaching the opposite conclusion on adjuster liability are less well supported. Each appears to rely on *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014) (Solis, J.).[2] There, the court held that individual adjusters could not be held liable for violations of § 541.060(a)(2)(A). *Id.* The court reasoned that adjusters lack settlement authority on behalf of the insurers that employ them. *Id.* While this interpretation of the statute is not implausible, it is not the only one possible. Because *Messersmith* lacked a citation to any Texas or federal authority, binding or otherwise, it does not conclusively resolve the question.

The Court concedes the reasonableness of its colleagues' alternative view. It simply finds that the matter is not fully resolved. When a decisive question of state law is in dispute, it "must be resolved in favor of remand because '[a]ny ambiguities are construed against removal and in favor of remand to state court." *Mehar Holdings*, 2016 WL 5957681, at *4 (quoting *Hood ex rel. Mississippi v. JO Morgan Chase Co.*, 737 F.3d 78, 84 (5th Cir. 2013)).

The determinative question is thus whether Hooper has supported her Insurance Code claims with sufficient factual allegations. Hooper alleges that Hernandez and Bobbitt evaluated her home on two occasions; that they misrepresented the amount of damage and the costs of repair; that they fabricated alternative explanations for visible damage to her home to place the damage outside of her policy's scope; that they did so intentionally; and that their evaluation deviated markedly from the conclusions of a third-party adjuster. (Doc. No. 1-2 at 3–5.)

---

[2] *See, e.g.*, *Lopez v. United Prop. & Cas. Ins. Co.*, 197 F. Supp. 3d 944, 950 (S.D. Tex. 2016) (Hanks, J.); *Meritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co.*, 2016 WL 931217, at *4 (N.D. Tex. Mar. 11, 2016) (Fitzwater, J.); *Montoya v. State Farm Mut. Auto. Ins. Co.*, 2016 WL 5942327, at *4 (W.D. Tex. Oct. 12, 2016) (Lamberth, J.); *Mainali Corp. v. Covington Specialty Ins. Co.*, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.) (applying the holding of *Messersmith* to § 541.060(a)(3)).

The Court holds that these allegations have adequate detail to reach the threshold of facial plausibility and thus to state a claim on which relief can be granted under Texas Insurance Code § 541.060(a)(2)(A) against Hernandez and Bobbitt. Because "the existence of even a single valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court," *Gray*, 390 F.3d at 412, the Court does not need to reach Hooper's numerous other claims against Hernandez and Bobbitt.

Concerning Hooper's request for attorney's fees, the Court finds that the confused state of the law on § 541.060 gave Allstate "objectively reasonable grounds" to seek removal on the basis of improper joinder. *See Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004). As such, Hooper is not entitled to attorney's fees for the litigation of this issue.

## IV.    CONCLUSION

The existence of a valid claim against Defendants Hernandez and Bobbitt means that they are properly joined in this action. Because they are citizens of Texas, like Plaintiff Hooper, the Court lacks diversity jurisdiction. Remand of the case to the Texas district court is required.

Accordingly, Hooper's Motion to Abstain and Remand is **GRANTED**. Hooper's request for attorney's fees is **DENIED**. This case is **REMANDED** to the 151st Judicial District Court in Harris County, Texas.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 6th day of October, 2017.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE